*5
 
 Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The questions arising in this case are, 1st. Whether the breaking open of a dwelling-house in the day-time, no person being therein, and stealing therefrom a hank note, of the value of five pounds, he a capital felony within the act of 1806, ch. 6
 
 i
 
 and, 2dly, if it be not, Whether the indictment is defective in not concluding against the form of both statutes mentioned in the special verdict.' — The words of the-act of 1806 are,
 
 “
 
 If any person or persons shall break any dwelling-house, shop, warehouse, or other out-liouse thereto belonging or therewith used, in the day-time, and felo-niously take away Money,
 
 Goods
 
 or Chattels, of the value of twenty shillings or upwards therein being, &c.” — Whatever could not be the subject of larceny when the act of 1806 was passed, did not become the subject of a felonious taking under that act. A hank note was considered as having no intrinsic value, not importing any property in possession of the person from whom it is taken. Although the words used in the act might have a more comprehensive meaning in a testament, in favor of intention, yet in a penal law they cannot be construed to embrace hank notes. As the felony, therefore, described in the act, is incomplete without the actual stealing of what the law deems
 
 Money, Goods or Chattels,
 
 the conviction under that act alone cannot be supported.
 

 But the act of 1811, makes bank notes, subjects of larceny, and from both acts taken together, the guilt of the prisoner can only he inferred. Every indictment is presumed to be founded on the common law, unless some statute is indicated by the drawer of the bill, on which he means to prosecute. Nor can this be considered an unmeaning form, or useless refinement; for the accused might often be thrown off his guard, by supposing that he was to
 
 *6
 
 be prosecuted at common law, if afterwards he were pro-cee^ed against by
 
 statute; or
 
 by being referred to onesta-tute, and afterwards tried upon another, or upon both to-rpQ 0bServe the law in this particular, is in effect to comply with the declaration of the Bill of Rights, by apprising every man, who is criminally prosecuted, of the specific charges against him. It is accordingly an established principle, that if a statute create an offence, or alter the nature of an offence at common law, as by turning a misdemeanor into a felony, the indictment must conclude against the form of the statute.
 
 *
 
 And if an offence is made so, not by one statute only, but by two or more taken together, the reason is equally strong, that the accused should be referred to more than one statute in the indictment. In an information for not coming to church by such a time,
 
 “
 
 against the form of the statute,” and there being three statutes in this case, to wit, 1 Eliz. ch. 2. 23 Eliz. ch. 1. And 29 Eliz. ch. 6. And it not appearing which, it was adjudged ill.
 
 †
 

 The Defendant is, by this indictment, referred to one statute : which shall ho examine to prepare his defence ? If he look into the act of 1806, he discovers that he cannot be convicted under it; for he has not taken any thing which was then the subject of larceny. If he look into that of 1811, he finds he may be convicted of a clergiable felony, by stealing a bank note, but not of a capital one, by breaking a dwelling-house and stealing it therefrom. Whilst he is preparing his defence under one law, the prosecutor is arranging the charge under another
 
 $
 
 and by the perplexity thus occasioned, an innocent man may be surprised into a conviction.
 

 *
 

 2 Hale’s Hist. 192.
 

 †
 

 Cro. Jac. 142.